PATTERSON, Judge,
dissenting.
I respectfully dissent. This is an appeal from a non-final order denying a motion to set aside a default judgment in a dissolution action.
The husband filed his petition for dissolution of marriage on March 21, 1991. Although the wife was represented by counsel, she did not file or serve an answer or coun-terpetition. The limited record before us does not reveal why the case remained in an apparent dormant state. However, on August 13, 1991, the wife’s counsel was permit *142 ted to withdraw. Thereafter, the parties attempted to reconcile and the action remained pending and dormant.
The reconciliation failed and on January 14, 1993, the husband filed a motion for an injunction to restrain the wife from dissipating assets and incurring additional credit obligations. The wife, unrepresented by counsel, responded with handwritten motions to continue the hearing on the husband’s motion. During a hearing, the wife appeared pro se and her motion to continue was granted. There was no mention in the record that the wife had not filed a responsive pleading.
On March 1, 1993, a second hearing was held on the husband’s motion for injunction. Without taking testimony, the court announced that it would enter a mutual injunction prohibiting each party from incurring additional debt. Again the wife appeared pro se and stated that she did not have sufficient funds to retain an attorney. Again there was no mention of the wife’s failure to file a responsive pleading. On the same day, the wife filed a handwritten motion seeking a temporary support order. The record does not reflect a hearing or disposition on that motion.
On April 27, 1993, the husband filed a motion for leave to file an amended petition for dissolution accompanied by a variety of other motions pertaining to discovery. The record reflects a court order dated May 19, 1993, granting the husband’s motion to amend and a motion to compel answers to interrogatories. For the first time, the matter of a responsive pleading was addressed and the order directed the wife to “serve her Answer or response to the Amended Petition not Later than June 1, 1993.”
June 1 came and went without a responsive pleading or other activity in the case. On June 17,1993, the court entered an order setting the case for pretrial conference on August 9, 1993. On June 29, the husband filed a motion for the entry of a default together with other motions. On July 12, the court conducted a hearing on those motions. The only portion of the lengthy hearing which pertains to the motion for default is a question from the court to the wife as to whether she had filed a response. When the wife stated she had not, the court announced that the motion was granted. Near the conclusion of the hearing, the court said to the wife, “If there is any way you can hire an attorney, I recommend you do that. It’s going to get worse.” The default judgment was entered on July 15.
At this juncture, the wife was able to retain an attorney, who promptly on July 28 filed motions to set aside the default and for leave to file an answer and eounterpetition for dissolution. At a hearing on these motions on September 2, 1993, the wife, in response to a question by her attorney as to her reason for having failed to file an answer, said:
Because I simply — every time I’ve tried to do something on my own, it has backfired and blown up in my face. I don’t have the adequate knowledge to proceed in these matters. I have had a very difficult time getting an attorney because I am totally without funds, and I’ve been, as you said, living off the charity of my family members who really can’t continue. I desperately needed an attorney, I desperately needed help. It seemed that every time I tried to get it, I met with a brick wall until I found you.
While this explanation is not an example of classical excusable neglect, it is a reasonable explanation in the context of this off-and-on and confused litigation. I find it grossly unfair, now that the wife has obtained competent counsel, to deny her the opportunity to fully and fairly litigate this dissolution proceeding. I would therefore reverse.